UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOU THERN DIVISION

IN RE:

Jose Antonio Rodriguez,                                    Case No. 04-47510
                                                           Chapter 7
                          Debtor.                          Hon. Phillip J. Shefferly
_____/
Jose Antonio Rodriguez,

                   Plaintiff,

vs.                                                        Adv. Proc. No. 05-5149

Fed Ex Freight East, Inc.,

                   Defendant.
_____/


**OPINION DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT REGARDING PLAINTIFF'S
CLAIM FOR  FAILURE TO PROMOTE**

I. Introduction

        Jose Rodriguez ("Rodriguez") filed suit in a Michigan state court against FedEx Freight East,

Inc. ("FedEx"), alleging racial discrimination and retaliation in violation of Michigan's Elliott-Larsen

Civil Rights Act ("Elliott-Larsen"), Mich. Comp. Laws Ann. §§ 37.2101 et seq.  FedEx removed the

case to the District Court for the Eastern District of Michigan based on the parties' diversity of

citizenship and moved for summary judgment.  Rodriguez subsequently filed a bankruptcy case.  The

District Court referred FedEx's summary judgment motion to the Bankruptcy Court, which granted

the motion as to Rodriguez's claims for failure to promote, hostile work environment, constructive

discharge and retaliation. Rodriguez appealed the Bankruptcy Court's decision and the District Court affirmed. In re Rodriguez, 2006 WL 1522584 (E.D. Mich. May 30, 2006). On June 27, 2007, the Sixth Circuit Court of Appeals affirmed the grant of summary judgment for FedEx regarding Rodriguez's claims for hostile work environment, constructive discharge, and retaliation, but vacated the grant of summary judgment for FedEx regarding Rodriguez's failure to promote claim. Gold v. FedEx Freight East, Inc. (In re Rodriguez), 487 F.3d 1001 (6th Cir. 2007). The Court of Appeals remanded the failure to promote claim to the District Court for further proceedings. On July 26, 2007, the District Court remanded this matter to the Bankruptcy Court consistent with the remand from the Court of Appeals.

This Court held a hearing on October 1, 2007, to consider the procedural issue of whether the parties should be permitted to supplement the record prior to this Court deciding the substantive legal issue that was framed by the Court of Appeals. After considering briefs filed by the parties on this procedural issue, the Court held that it would decide the substantive issue based solely on the record as it existed in the Bankruptcy Court on August 26, 2005, the date of the hearing on the motion for summary judgment. The parties then each filed a memorandum of law regarding the issue on remand. The Court has considered those memoranda as well as the papers previously filed in support of and in opposition to FedEx's motion for summary judgment. For the reasons set forth in this opinion, the Court has determined to deny FedEx's motion for summary judgment on Rodriguez's failure to promote claim.

## II. Factual Background

In its opinion, the Court of Appeals set forth the following relevant facts:

Rodriguez began working for American Freightways ("American") as a truck

driver in 1999, under the supervision of Regional Human Resource Manager Rodney Adkinson ("Adkinson"). Rodriguez subsequently resigned to go into business with his brother, but was rehired by American in December 2000. In February 2001, FedEx acquired American, and both Rodriguez and Adkinson became FedEx employees. Rodriguez was based at FedEx's facility in Romulus, Michigan but spent most of his time in his truck, making deliveries. Adkinson worked mainly in Indiana but traveled to the Romulus facility once or twice a month.

In June 2002, Rodriguez told Adkinson that he (Rodriguez) was interested in becoming a FedEx supervisor. Adkinson recommended that Rodriguez take FedEx's Leadership Apprentice Course ("LAC"), and Rodriguez subsequently enrolled in that program. While Rodriguez was taking LAC classes, three supervisory positions became vacant. According to then-Customer Service Manager, Jon McKibbon ("McKibbon"), Rodriguez applied and was twice interviewed for at least one of those positions. McKibbon found Rodriguez to be qualified for the position and claims that he would have hired Rodriguez but for Adkinson's stated concern that Rodriguez's accent and speech pattern would adversely impact Rodriguez's ability to rise through the company ranks. Former FedEx Manager Dale Williams ("Williams") similarly avers that, when he asked Adkinson why Rodriguez had not been selected for promotion, Adkinson replied with disparaging remarks concerning Rodriguez's "language" and "how he speaks" and stated that Rodriguez was difficult to understand.

According to Rodriguez, both McKibbon and Williams told him of Adkinson's derogatory remarks about Rodriguez's accent and ethnicity and statements to the effect that Adkinson "would not allow [Rodriguez] to become a supervisor at FedEx because of [Rodriguez's] Hispanic speech pattern and accent." Rodriguez asserts that he complained to various FedEx managers as well as to Adkinson's direct supervisor, John Ravenille ("Ravenille"), about this discrimination, but that no corrective action was taken. FedEx employee Kelly Scrimenti overheard Rodriguez complain to Ravenille on one occasion.

Adkinson denies ever having commented to anyone about Rodriguez's accent and, in fact, avers that Rodriguez does not have a noticeable accent. Adkinson claims, instead, that he did not consider Rodriguez for promotion "due to [Rodriguez's] lack of commitment to the LAC," which Rodriguez concededly never completed and which, according to Adkinson, was a prerequisite of promotion at FedEx. Adkinson further asserts that Rodriguez never formally applied for a supervisory (or, indeed, for any other) position with FedEx and that McKibbon never, to Adkinson's knowledge, interviewed Rodriguez for a supervisory position. Adkinson also mentions that he himself played a role in McKibbon's subsequent termination, implying that McKibbon may have personal reasons for bolstering Rodriguez's claims.

On July 30, 2003, Rodriguez resigned from his employment with FedEx, citing FedEx's "refus[al] to address [his] numerous complaints of being discriminated against because of [his] race as an Hispanic-American."

In re Rodriguez, 487 F.3d at 1005-06 (internal citations omitted0.

### III. Issue on Remand

The Court of Appeals held that the statements made by FedEx Human Resource Manager, Rodney Adkinson, regarding Rodriguez's accent and speech pattern constitute direct evidence of national origin discrimination. Id. at 1008-09. This holding reversed the Bankruptcy Court and the District Court opinions, each of which had concluded that Rodriguez failed to produce any direct evidence and then proceeded to consider whether Rodriguez had produced any circumstantial evidence to be considered under the four-part test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The Court of Appeals explained the next step in light of finding direct evidence:

> In direct evidence cases, once a plaintiff shows that the prohibited classification played a motivating part in the employment decision, the burden of both production and persuasion shifts to the employer to prove that it would have terminated the employee even if it had not been motivated by impermissible discrimination.

In re Rodriguez, 487 F.3d at 1007 ( internal quotation marks and citation omitted). Therefore, the Court of Appeals held that the question to address on remand is "whether FedEx has borne its burden by demonstrating that it would have refused to promote Rodriguez even absent a discriminatory motive." Id. at 1009-10.

Even though the Court of Appeals has now held that Rodriguez has produced direct evidence of national origin discrimination with respect to his claim for failure to promote, FedEx asserts that it is still entitled to summary judgment because it has produced evidence of undisputed facts that

-4-

demonstrate that it would have refused to promote Rodriguez in any event even absent a discriminatory motive. For support, FedEx relies upon the discussion and analysis in both the Bankruptcy Court and District Court opinions regarding the evidence assembled by FedEx to rebut any presumption of discrimination that might arise from circumstantial evidence adduced by Rodriguez under the McDonnell Douglas test. Specifically, FedEx argues that this Court should not depart from its prior conclusions that the LAC courses were a prerequisite for FedEx employees seeking a promotion; that Rodriguez did not complete the LAC courses; and that Rodriguez failed to provide evidence to refute FedEx's legitimate reasons for not promoting him.

In response, Rodriguez argues that the holding of the Court of Appeals that he has produced direct evidence of discrimination, supported by the statement in the concurring opinion that there was enough "circumstantial evidence that FedEx's proffered reason for failing to promote Rodriguez may well have been pretextual," 487 F.3d at 1013 (concurring opinion), precludes a finding that there is no genuine issue of material fact on the failure to promote claim.

## IV. Summary Judgment Standard

Fed. R. Civ. P. 56(c) is made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7056. "Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). The court must view the evidence in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 261 n.2 (1986). At the summary judgment stage, the court may not make credibility determinations, weigh the evidence, or draw inferences; this is left for a jury. Id. at 255.

-5-

As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings that it believes demonstrates that there are no genuine issues of material fact. Once the movant makes a prima facie showing that there are no genuine issues of material fact, the burden shifts to the party opposing the motion for summary judgment to come forward with probative evidence to support its claim. <u>Celotex</u>, 477 U.S. at 324.

V. <u>Analysis</u>

In a direct evidence case, "[t]he presence of direct evidence does not foreclose the possibility of summary judgment." <u>Hewlett v. Botsford General Hospital</u>, 2007 WL 1267526 at *6 (E.D. Mich. April 30, 2007). Where a plaintiff has presented direct evidence of discrimination, the burden of both production and persuasion shifts to the defendant to show that it would not have promoted the plaintiff even if the impermissible discriminatory reason had not played a role in the decision. <u>Nguyen v. City of Cleveland</u>, 229 F.3d 559, 563 (6th Cir. 2000) (citations omitted). In the face of direct evidence of discrimination, a defendant may only prevail on summary judgment if it meets this burden, and if the plaintiff presents no evidence to the contrary, such that there is no evidence in the record that would demonstrate the existence of a genuine issue of material fact with respect to whether discrimination played a role in the decision. <u>Hewlett v. Botsford General Hospital</u>, 2007 WL 1267526 at *6. To summarize, in the context of summary judgment, step one requires a plaintiff to establish direct evidence of discrimination. Step two shifts the burden of producing evidence of a nondiscriminatory reason to the defendant. Finally, to defeat a defendant's motion for summary judgment, step three requires that the plaintiff produce evidence to contradict the proffered evidence

of a nondiscriminatory reason, thus creating a genuine issue of material fact for trial.[1]

The Court of Appeals has already determined that evidence produced by Rodriguez in the form of affidavits is direct evidence that FedEx discriminated against Rodriguez because of his national origin. That finding means that Rodriguez has met his burden under the first step.

Under the second step, the burden shifts to FedEx. As framed by the Court of Appeals, the question is whether FedEx has "borne its burden [to] demonstrat[e] that it would have refused to promote Rodriguez even absent the discriminatory motive." 487 F.3d at 1009-10. In its prior opinion, although not finding direct evidence of discrimination, this Court noted in its discussion of the McDonnell Douglas circumstantial evidence test, that FedEx had adduced some evidence to support its claim that it had a legitimate, nondiscriminatory reason for not promoting plaintiff to supervisor.

> Adkinson's affidavit states in paragraph 9 that [FedEx]'s Leadership Apprentice Course ("LAC") "is a prerequisite for any promotion to the supervisor level, absent previous unique circumstances, such as prior experience in the position in an acting capacity, which [Rodriguez] did not have." (Def.'s Br., Ex. 4, Adkinson Aff. ¶ 9.) Adkinson went on to state in that paragraph that "[Rodriguez] never completed the LAC, despite repeated attempts from FedEx to encourage him to do so." (Id.) Adkinson also noted in paragraph 10 the "general practice" of [FedEx]'s Regional Vice-President of Operations "to not promote drivers directly to a supervisory position." (Id. ¶ 10.) Finally, Adkinson states in paragraph 11 that he did "not consider [Rodriguez] for any promotion due to his lack of commitment to the LAC." (Id. ¶ 11.) Nowhere in his affidavit or any of the other affidavits on which he relies

---

[1] Some courts in direct evidence cases have characterized the conflicting allegations as "mixed" or "dual motives." As in the case before this Court, the parties have presented evidence of both "legitimate and legally impermissible reasons" for an employment decision. Sniecinski v. Blue Cross and Blue Shield of Michigan, 666 N.W.2d 186, 192-93 (Mich. 2003). This appears to be another way of viewing the "he said she said" evidence as creating a genuine issue of material fact. See Harrison v. Olde Financial Corp., 572 N.W.2d 679, 684 (Mich. Ct. App. 1997) (finding that "an employer may not avoid a trial by merely articulating a nondiscriminatory reason for its action" and concluding "[u]nder such circumstances, the case ordinarily must be submitted to the factfinder for a determination whether the plaintiff's claims are true"). Whether the evidence is analyzed under the three-step test as this Court has done or as "mixed motives," the end result is the same. Summary judgment is not appropriate in such cases.

does [Rodriguez] assert either that he completed the LAC or that completion of the LAC was not a prerequisite to promotion to a supervisor position. [Rodriguez] does deny in his answer to request for admission number 8 that he failed to complete the LAC, but such denial was not signed by [Rodriguez], but instead was only signed by his attorney.

In re Rodriguez, Adv. No. 05-5149, docket entry #19, pp. 20-21. FedEx has produced sufficient evidence to meet the second step, but the analysis has one more step.

In order to survive summary judgment, Rodriguez must produce evidence that contradicts or calls into question FedEx's evidence of a nondiscriminatory reason. Rodriguez has done so. In its prior opinion, this Court summarized that evidence:

McKibbon, the customer service manager in charge of the terminal, states in his affidavit that [Rodriguez] was qualified to be a supervisor. (Pl.'s Resp. to Mot. for Summ. J., Ex. 2 ¶ 5) Williams' affidavit is not as explicit but also indicates that Williams believed [Rodriguez] to be qualified as well. Williams states that he suggested [Rodriguez]'s name to Adkinson when discussing possible candidates, commenting that [Rodriguez] "was a hard worker and a very good employee." (Id., Ex. 3 ¶¶ 6, 10-11.) [Rodriguez] has produced evidence to make a prima facie showing that he was qualified for the position.

In re Rodriguez, Adv. No. 05-5149, docket entry #19, pp. 17-18.

Although FedEx may ultimately overcome such evidence at trial, the evidence presented, when viewed in a light most favorable to Rodriguez, creates a genuine issue of material fact. At the summary judgment stage, this Court's role is not to weigh the conflicting evidence produced by the parties, but to determine whether there is a genuine issue for trial. The Court concludes that there is evidence to support a finding that Rodriguez was qualified for the position, therefore a reasonable jury could conclude that he would have been promoted, but for his accent and speech pattern.

The two cases on which FedEx primarily relies are distinguishable. In Hewlett v. Botsford General Hospital Hewlett, No. 06-CV-12496, 2007 WL 1267526 (E.D. Mich. April 30, 2007), the

-8-

plaintiff filed a complaint pursuant to Title VII of the Civil Rights Act and Elliott-Larsen arguing that she was passed over for a promotion interview because she was black. The defendant sought summary judgment on the plaintiff's discrimination claims contending that the plaintiff failed to produce evidence to establish a claim of discrimination. Like the Court of Appeals in this case, the district court in <u>Hewlett</u> held that evidence presented by the plaintiff was direct evidence, requiring the conclusion that the plaintiff had been excluded from the interview process because of her race. <u>Id.</u> at *4-5. Despite the district court's finding of direct evidence, however, the court still granted the defendant's motion for summary judgment because it concluded that the defendant had presented sufficient evidence of a nondiscriminatory motive, namely, that the plaintiff was not interviewed for the position because she was not qualified. Included in the defendant's evidence was the deposition testimony of the plaintiff, where she admitted that she lacked some of the necessary qualifications for the position. <u>Id.</u> at *6. In order to survive the summary judgment motion, the plaintiff would have to produce "contrary evidence" that she was qualified. Because the plaintiff failed to do so, the court "conclude[d] that the record evidence present[ed] no question of material fact. <u>Id.</u> at *6-7.

Similarly, in <u>Lilla v Comau Pico, Inc.</u>, No. 05-72518, 2007 WL 851636 (E.D. Mich. March 21, 2007), the court held that statements made by decision-makers qualified as direct evidence of retaliation. <u>Id.</u> at *4. Unless the defendant provided evidence that it would not have offered the plaintiff the position, even in the absence of discrimination, summary judgment would be denied. The defendant "presented unrefuted evidence that it would not have recalled" the plaintiff under any circumstances "because he lacked the necessary experience for the position . . . ." <u>Id.</u> at *5. The defendant produced evidence in the form of affidavits from upper level management stating that the plaintiff lacked the skills necessary for the position, and showed that the plaintiff admitted during his

sworn testimony that his experience was limited.

These cases are distinguishable because the plaintiffs did not meet the third step, whereas Rodriguez has. First, unlike the plaintiffs in <u>Hewlett</u> and <u>Lilla</u>, Rodriguez has not made admissions that he was not qualified or that he lacked the necessary skills for the supervisor position. Moreover, unlike the plaintiff in <u>Lilla</u>, Rodriguez has provided an affidavit from a representative of FedEx, McKibbon, who attests that Rodriguez was qualified for the supervisor position, and an affidavit from another employee of FedEx, Williams, who attests that but for the comments made by Adkinson, Rodriguez would have been hired for the supervisor position. By producing these affidavits, Rodriguez has called into question the evidence presented by FedEx, thereby showing that there is a genuine issue of material fact that precludes summary judgment in favor of FedEx.

## VI. <u>Conclusion</u>

For the reasons stated in this opinion, FedEx's motion for summary judgment on the failure to promote claim is denied. The Court will enter a separate order consistent with this opinion. Pursuant to the scheduling order entered by the District Court on March 4, 2004, the deadlines established for conducting discovery and filing dispositive motions, have passed (docket entry #7, Case No. 04-70021, E.D. Mich.). The case appears ready for trial with respect to Rodriguez's failure to promote claim. The parties are instructed to proceed in accordance with the District Court's order of June 13, 2005 denying, without prejudice, FedEx's motion for withdrawal of the reference (docket entry #2, Case No. 05-CV-71657, E.D. Mich).

**Not for publication**

**Signed on January 31, 2008**

-10-

/s/ Phillip J. Shefferly
                         Phillip J. Shefferly
                         United States Bankruptcy Judge